ANDREW BRENGEL, MARY BAKER AND ELIZABETH BRENGEL, RELATORS, v. THE MAYOR AND ALDERMEN OF JERSEY CITY, BOARD OF COMMISSIONERS OF JERSEY CITY AND EDWARD J. SPOERER, SUPERINTENDENT OF DEPARTMENT OF BUILDINGS OF JERSEY CITY, DEFENDANTS.

Submitted February 1, 1930—Decided May 27, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the relators, *Ziegener & Brenner* (*Robert H. Brenner,* of counsel).

For the defendants, *Thomas J. Brogan* (*Charles Hershenstein,* of counsel).

PER CURIAM.

This is a rule to show cause why the commissioners of Jersey City should not grant a permit to relators to erect an apartment house on lot No. 17 in Block "C" on "Map of the Heritage Homestead," on North street in Jersey City, and a permit to erect an apartment house on lot No. 18 on North street on the same map in the same city.

It appears from the depositions taken on the rule to show cause that the relators on March 25th, 1929, applied for a permit for the erection of such houses on such lots to be *twenty-three feet from the building line;* that on June 3d, 1929, relators filed a new application for permit for the houses to be *five feet from the building line,* and this application was favorably acted upon and the permit granted, and apparently accepted by the relators, the permit being dated August 1st, 1929; then, apparently, the relators again changed their minds and filed another application on August 9th, 1929, this time for permit for houses to be *flush with the street line;* that upon this application a hearing was held by the commissioners and the permit refused, and it is this application that is the subject-matter of this rule to show cause.

It appears that the property in question is zoned as a residential section. The ordinance does not prohibit apartment houses. It further appears that on January 11th, 1930, Jersey City had in preparation a new zoning ordinance, but with respect to whether or not it since has been passed the record is silent.

The city now urges, among other things, that, in view of the fact that a new zoning ordinance is in preparation it should not now be required to grant the permit in question, especially since there is now outstanding in possession of the relators a permit authorizing the construction of the apartment houses *five feet from the building line.*

In this state of uncertainty as to the pertinent factual situation especially with respect to an outstanding permit inconsistent with the one now applied for, we think that the proper course is to award an alternative writ in order that thereby, with the return and other pleadings, the issue may be framed. An alternative writ is awarded accordingly.